UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEANNET SOSA,

                    Petitioner,

          v.

JULIO HERNANDEZ, *et al.*,

                    Respondents.

Case No. C26-1142-RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Leannet Sosa's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the certified petition, the Government's Response, Dkt. #6, a Reply, Dkt. #8, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer submitted by the Government. *See* Dkts. #1 and #7.

Petitioner is a thirty-year-old citizen of Cuba. She entered the United States on April 20, 2023, at a port of entry in Nogales, Arizona. She was detained, interviewed, and released into the United States on humanitarian parole under Section 212(d)(5) of the Immigration and Nationality Act ("INA"). Petitioner was also served a Notice to Appear, indicating that she was "an arriving [noncitizen]" and ordering her to appear before an immigration judge ("IJ") in Miami, Florida, on January 13, 2026. Dkt. #3, Ex. A. The Government states that Petitioner's parole was "for one year[.]" Dkt. #7 at ¶ 3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.
§ 2241 - 1

After being paroled into the United States, Petitioner moved to Florida with her husband and daughter. She leased a home, enrolled her daughter in school, and joined a church. Petitioner applied for and was granted a work permit, and she obtained work as a cleaner.

In April 2024, Petitioner applied for an I-485 Application to Register Permanent Residence. That application remains pending.

On August 6, 2025, Petitioner was arrested for battery. At her first hearing, she was granted bail. Having learned of Petitioner's arrest, Immigration and Customs Enforcement ("ICE") detained Petitioner upon her release and transferred her to an ICE detention center. On August 9, 2025, Petitioner was transferred to Pompano Beach Detention Center. Then, on August 11, Petitioner was transferred to the Jacksonville ICE Detention Center. Petitioner describes her detention in Jacksonville as follows:

> The conditions were awful there, they treated us really bad, and the food was awful. The food would make me sick. It made me go to the bathroom all the time. There was an officer in there that would scream at us. We would complain but were told if we did not do what the guards wanted us to do, they would punish us by cutting off our phones. They would also take you to a punishment room if you did not do what they asked you to do. The punishment room was solitary confinement. It was a small room where there was no light and only a small vent. They would keep people in there for as long as they wanted. They told us that we were criminals and that it didn't matter that we were seeking asylum.

Dkt. #2 at ¶¶ 29-32.

Petitioner's state battery charge was dismissed on or about August 28, 2025. See Dkt. #7 at ¶ 6 (Florida State "filed a 'No Information,' effectively dismissing the case."). While in Jacksonville, Petitioner had two bond hearings, on September 12 and December 1, 2025, where an IJ denied bond both times due to lack of jurisdiction. Petitioner was detained in Jacksonville from August 11, 2026, until she was transferred to Northwest ICE Processing Center ("NWIPC") on December 21, 2025.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

In February 2026, Petitioner applied for asylum.  On or about March 17, 2026, an IJ at Tacoma Immigration Court denied all of Petitioner's applications for relief and ordered her removed to Cuba.  Petitioner appealed this decision on March 26, 2026, and her appeal remains pending before the Board of Immigration Appeals.  Again, Petitioner's I-485 Application to Register Permanent Residence also remains pending with U.S. Citizenship and Immigration Services ("USCIS").  The Government states that, on or about March 3, 2026, it "received notice from the Cuban government that Petitioner has been accepted for repatriation to Cuba."  Dkt. #7 at ¶ 12.  The record does not include this notice or any other evidence of travel.  Petitioner remains in detention at NWIPC.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  In this case, Petitioner contends that her arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V.  The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews*' three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The parties discuss how the application of the *Mathews* text applies here, and the Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, No. 25-1192-KKE, -- F. Supp. 3d --, 2025 WL 2402130 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was living and working in the United States for years, detained without notice, and remains in custody undoubtedly deprives her of an established interest in her liberty. Even on temporary or conditional release, that substantial liberty interest exists. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. Mar. 3, 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty.").

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest.  The Court agrees with Petitioner that the risk of erroneous deprivation of her liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for her continued detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable noncitizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes.  But where Petitioner has been living in the United States for years, following the rules while waiting for her February 2026 hearing date and on her pending permanent residence application, and there was no material change in her particular factual circumstances, the Government fails this factor.  The Government's only interest in detaining Petitioner arose from her arrest, and any charge was summarily dropped days later, and the Government does not argue or provide a finding of flight risk or danger to the community.  The Court finds that the Government's interest here is low. *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in her continued release from custody, and  due process requires that Petitioner receive proper notice and an opportunity to respond before she can be re-detained.

Regardless of the Government's contention that detention under § 1225(b) is mandatory and appropriate however and whenever, "[t]he Court clarifies that the Due Process Clause applies to Petitioners—who were deprived of their liberty when ICE revoked their release and re-detained them—regardless of whether they were subject to detention under Section 1225(b)(1),

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

Section 1225(b)(2), or Section 1226(a).  Courts in this District have consistently so held." *Espinoza Palacios v. Hermosillo*, CASE NO. 2:26-cv-491-JNW, 2026 WL 686138, at *6 (W.D. Wash. Mar. 11, 2026) (collecting cases).

The Government centers its argument on that Petitioner was originally released on a temporary one-year parole.  The record does not include evidence of this term, but even so, ICE did not detain Petitioner after her parole supposedly expired over two years ago, and the Government does not allege that she was re-detained because of any expiration.  "Thus, ICE exercised its discretion to continue" Petitioner's release "past the automatic expiration of [her] parole." *Espinoza Palacios*, 2026 WL 686138, at *9.  "That the express terms of the parole notice allowed for discretionary termination or expiration does not somehow obviate the need for the Government to provide an individualized hearing prior to re-detaining the parolee." *Shinwari v. Hermosillo*, Case No. 2:26-cv-00009-RAJ, 2026 WL 262605, at *4 (W.D. Wash. Jan. 30, 2026) (quoting *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).

The Government only alleges that it has "great interest in ensuring that individuals temporarily released while in immigration proceedings do not commit criminal activity, which Petitioner was accused of at the time of her detention." Dkt. #6 at 6.  Petitioner's singular charge was dismissed months ago, prior to both of her bond hearings and transfer across the country, and the record is absent of any information other than that the arrest occurred and the charge no longer exists.  Ordering yet another bond hearing in this case would be redundant, as Petitioner has twice been denied bond based on no jurisdiction due to mandatory detention, both denials after the battery charge was dismissed, with no mention of any alternative danger or flight risk determination.  That "[t]he proceedings are temporary, and could potentially result in Petitioner's release" does not substantiate Petitioner's detention.  Dkt. #6 at 5.  The Government provides no

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6

documentation or other evidence to support its contention that Cuba will repatriate her. Similar to other courts in this district, the Court finds that most of Petitioner's requested relief is warranted under the particular facts of this case and will grant the petition. *See Espinoza Palacios*, 2026 WL 686138, at *10 (granting injunctive relief and collecting cases); *Ortiz v. Hermosillo*, 2:26-cv-00384-TL, 2026 WL 607672 (W.D. Wash. Mar. 4, 2026).

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED. The Court ORDERS that Petitioner shall be released from custody immediately under the same conditions of her prior release and may not be re-detained until after adequate notice and a hearing with meaningful opportunity to respond in order to determine whether detention is appropriate. Any fee requests shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this <u>29</u>th day of April, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 7